UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY 962 Wayne Ave., Suite 610 Silver Spring, MD 20910 *Plaintiff*, v. UNITED STATES OFFICE OF MANAGEMENT AND BUDGET 1650 Pennsylvania Avenue NW Washington, D.C. 20503 *Defendant*, | Civil Action 18-cv-45 **COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, as amended, to compel the United States Office of Management and Budget ("OMB" or "Defendant") to disclose records wrongfully withheld in failing to respond within the statutory deadline to Plaintiff's FOIA request.

2. Plaintiff is a non-profit organization dedicated to research and public education concerning the activities and operation of federal, state, and local governments.

3. On July 10, 2017, Plaintiff sent a FOIA request seeking records related to the OMB's request for suggestions on how best to reorganize the executive branch. This request specifically sought: (1) a compilation of the topics addressed by the public suggestions, including a breakdown of the agencies or programs to which they were directed; (2) any

1

analysis of those suggestions; (3) any criteria OMB used to rate or categorize suggestions; and (4) any decision(s) made, or schedule for such decision(s), to incorporate any of the public suggestions into administration policies.

4. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and provide access to government information. The FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4,683 (Jan. 21, 2009).

5. The FOIA requires the agency to determine within 20 working days after receipt of a FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency may extend this time period only in "unusual circumstances" and then only for a maximum of ten additional working days. 5. U.S.C. § 552(a)(6)(B)(i). "Upon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(c)(i).

6. To date, Defendant has failed to make a determination or produce any records in response to Plaintiff's FOIA request No. 2017-376.

7. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Plaintiff is seeking to not only educate the public about the nature and range of their suggestions for improving government efficiency, but to also see if any of these suggestions have been or will be incorporated into policy changes, and Defendant is frustrating that purpose.

8. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from the Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorney's fees and costs.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B) and pursuant to 28 U.S.C. § 1331.

10. This Court is a proper venue because Defendant is a government agency that resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(A) (where defendant is the government or a government agency, a civil action may be brought in the district where the defendant resides). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, where the records are located, or in the District of Columbia).

11. This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. *et seq*.

12. This court has authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

13. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

14. Among other public interest projects, PEER engages in advocacy, research, education, and litigation to promote public understanding and debate concerning key and current

public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public land and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. PEER educates and informs the public through news releases to the media, through its website, www.peer.org, and through publication of the PEER newsletter.

15. Defendant, OMB, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA. Here, Defendant is denying the Plaintiff access to its records in contravention of federal law.

## STATEMENT OF FACTS

17. March 13, 2017, President Trump signed an Executive Order directing the Director of the OMB to develop a plan recommending ways to reorganize the executive branch and eliminate any unnecessary programs within government agencies.

18. Pursuant to the executive order, OMB solicited suggestions from the public through its website.

19. After the end of the comment period, the OMB website declared that the public "submitted more than 100,000+ suggestions and ideas to eliminate burdensome regulations, remove red tape and get government out of the way of government."

20. On July 10, 2017, Plaintiff sent a FOIA request seeking records related to OMB's public outreach on the Executive Order, specifically: (1) a compilation of the topics addressed by the public suggestions, including a breakdown of the agencies or programs to which they were directed; (2) any analysis of those suggestions; (3) any criteria OMB used to

rate or categorize suggestions; and (4) any decision(s) made, or schedule for such decision(s), to incorporate any of the public suggestions into administration policies.

21. Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant had twenty working days from the date of the receipt to respond, or to assert the need for an extension. *See also* 5 C.F.R. § 1303.10(c). The statutory response deadline has passed.

22. On August 15, 2017, Defendant sent an email acknowledging receipt of Plaintiff's FOIA request. Defendant assigned it request No. 2017-376.

23. Having received no further response, on October 25, 2017, Plaintiff emailed the OMB FOIA Officer to inquire about the status of this FOIA request but received no answer.

24. However, as of this January 9, 2018 filing, Plaintiff has not received any records responsive to its FOIA request nor any determination from Defendant.

25. Administrative remedies are constructively exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative remedies for its April 10, 2017 FOIA request, Plaintiff now turns to this Court to enforce the FOIA's guarantee of public access to agency records, along with the remedies available when an agency withholds that access.

## CAUSE OF ACTION

26. Plaintiff incorporates the allegations of the preceding paragraphs.

27. Defendant's failure to make a determination or disclose the records requested under Request No. 2017-376 within the time limits mandated by statute is a constructive denial and wrongful withholding of records in violation of the FOIA, 5 U.S.C. § 552, and the Office of Management and Budget's regulations promulgated thereunder, 5 C.F.R. § 1303 *et seq*.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency records;

ii. Issue a permanent injunction directing the Defendant disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every other order of the court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on January, 9 2018,

　　__/s/_____
Paula Dinerstein
Public Employees for Environmental Responsibility
962 Wayne Avenue, Suite 610
Silver Spring, MD 20910
(202) 265-7337

*Attorney for Plaintiff*